UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER HILTON,

    Plaintiff,

    v.       CAUSE NO. 3:20-CV-980-JD-MGG

WILLIAM HYATT, et al.,

    Defendants.

OPINION AND ORDER

Christopher Hilton, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Hilton states that, on October 3, 2019, he was removed from his inspector job at I.C.I./Donaldson Company where he earned $13.73 an hour due to a false or unfounded disciplinary charge that caused him to lose his employment. ECF 1 at 3-6. After he was improperly removed from his inspector job, he was reclassified and prohibited from returning to his job even though the disciplinary charge and sanctions were dismissed. *Id*. Hilton claims he should have been reclassified and placed back in

his job or given a job with the same pay. *Id*. He further asserts that he was never given his back pay for the period he was unable to work due to the disciplinary charge. *Id*.

Hilton has sued Warden William Hyatt, Deputy Warden Sharon Hawk, I.C.I. Plant Manager Sandi Roark, I.C.I. Assistant Plant Manager Bradford William, and Trust Fund Accountant Tonya Zimmerman seeking reimbursement of lost wages resulting from the disciplinary charge that caused him to lose his job at I.C.I./Donaldson Company. However, a prisoner does not have a liberty or property interest in a prison job, and thus deprivation of that job does not violate his procedural due process rights. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). Due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."). The change in circumstances Hilton describes does not pose either an "atypical" or "significant" hardship in relation to the ordinary incidents of prison life. Therefore, Hilton has not stated a due process claim.

Hilton, who is African American, also asserts that Warden Hyatt, Deputy Warden Hawk, I.C.I. Plant Manager Roark, and I.C.I. Assistant Plant Manager William intentionally discriminated against him when they treated similarly situated Caucasian inmates more favorably. ECF 1 at 3-6. In particular, he states that Matthew Hutchingson, a Caucasian inmate, was immediately returned to his job after his disciplinary charge was dismissed. *Id*. at 4-5. Hilton also represents that Wayne Waal

2

and Michael Wahl, two Caucasian inmates, who were transferred to another facility and later returned to Miami Correctional Facility, were reinstated in their jobs with the same pay. *Id.* Furthermore, he claims that, in July 2020, he could have been placed back in his inspector job but Randy Farrell, a Caucasian inmate, was placed in that job. *Id.*

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). To state such a claim, a prisoner must allege that the "defendants intentionally treated him differently because of his race . . . ethnicity, sex, religion, or other proscribed factor . . . ." *Id.* at 719–20 (citing *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016)); *see also David K. v. Lane*, 839 F.2d 1265, 1271–72 (7th Cir. 1988) (collecting cases and noting discrimination must be intentional, purposeful, or have a discriminatory motive). Thus, Hilton must show "the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." *Id.*

To the extent Hilton asserts that Warden Hyatt and Deputy Warden Hawk discriminated against him on the basis of his race, he has not shown they were personally involved in deciding whether he would return to his inspector job after his disciplinary charge was dismissed. *See Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003) (A § 1983 suit requires "personal involvement in the alleged constitutional deprivation to support a viable claim."). There is also no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

Because Warden Hyatte and Deputy Warden Hawk were not personally involved in the incident and they cannot be held liable simply because they oversee the operation of the prison, Hilton cannot proceed against them.

While Hilton also alleges that I.C.I. Plant Manager Roark and I.C.I. Assistant Plant Manager William discriminated against him by placing a Caucasian inmate in the inspector job in July 2020, he cannot sue a private individual under 42 U.S.C. § 1983, because that statute only applies to government actors. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Therefore, Hilton may not proceed against these two defendants.

As a final matter, Hilton believes his constitutional rights were violated because Indiana Department of Correction (IDOC) policy mandated that he be returned to his inspector job. ECF 2 at 4-5. However, a violation of IDOC policy does not equate to a constitutional violation. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 "protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Therefore, Hilton has not stated a claim here.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v.*

4

*Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

SO ORDERED on October 25, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT